**Allen Blair SMITH**

v.

**UNITED STATES of America, et al.**

**Civ. No. Y–86–755.**
**(Crim. No. Y–74–0694).**

United States District Court,
D. Maryland.

Sept. 25, 1986.

Allen Blair Smith, pro se.

Breckinridge L. Willcox, U.S. Atty. for Md., Baltimore, Md., for defendant.

## MEMORANDUM

JOSEPH H. YOUNG, District Judge.

Petitioner Allen Blair Smith has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on the basis of ineffective assistance of counsel at trial. He has also filed a motion under 28 U.S.C. § 144 requesting that this Court recuse itself for reasons of bias and prejudice. Petitioner Smith was convicted by a jury of bank robbery and related charges on March 19, 1975, and sentenced to eighteen years imprisonment. The United States Court of Appeals for the Fourth Circuit affirmed his conviction. *United States v. Allen Blair Smith*, 527 F.2d 610 (4th Cir.1975). Petitioner subsequently filed numerous motions challenging both the length of his sentence and the validity of his conviction.[1]

 Smith's most recent motion calls for this Court to "disassociate [itself] from any additional rulings" in this case on the grounds of bias and prejudice. Title 28 U.S.C. § 144 requires a petitioner to submit an affidavit stating the facts and reasons for believing that a judge harbors bias or prejudice either against the movant or in favor of an adverse party. Petitioner Smith has alleged no facts to support his claim, other than his assertions that this Judge will later be subpoenaed as a witness, and that this Judge deprived petitioner of his constitutional rights to a fair trial in violation of 18 U.S.C. § 241.

Section 241 of Title 18 sets forth the crime of conspiracy against the rights of citizens. Only the government may charge an individual with a crime, thus petitioner's

invocation of 18 U.S.C. § 241 is without merit. The allegation that this Judge "will be a witness in some *future* unnamed proceeding is [also] not an adequate ground for recusal in the pending action." *United States v. Allen Blair Smith*, 607 F.2d 1003 (4th Cir.1979) (emphasis in original). Accordingly, petitioner's motion for recusal is denied.

Petitioner's companion motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence alleges several instances in which he was denied effective assistance of counsel at trial.[2] The standard for determining whether a defendant received adequate assistance of counsel is a two-pronged test, as defined in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under the first prong, plaintiff must demonstrate that counsel's representation fell below an objective standard of reasonableness. This showing must overcome a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland, supra*, 466 U.S. at 687–89, 104 S.Ct. at 2064–65. Strategic choices and trial tactics must be assessed under this reasonableness standard—the law does not require flawless representation. *Marzullo v. Maryland*, 561 F.2d 540, 544 (4th Cir.1977), *cert. denied*, 435 U.S. 1011, 98 S.Ct. 1885, 56 L.Ed.2d 394 (1978). Under the second prong of the *Strickland* test, petitioner must also show prejudice as a result of counsel's allegedly deficient performance. For a finding of prejudice, petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." 466 U.S. at 694, 104 S.Ct. at 2068.

1. Smith submitted the following petitions, among others, to this Court: Motion for Reduction of Sentence, May 12, 1975; Motion for New Trial, October 18, 1976; Motion for Production of Grand Jury Minutes, October 18, 1976; Motion for United States District Judge Joseph H. Young to Recuse, August 1, 1977; Motion for Reduction of Sentence, June 2, 1978; Motion

for Recusal, August 14, 1978. The foregoing motions were denied by this Court, and those that petitioner appealed were affirmed by the Fourth Circuit.

2. Attorney Nathan Stern represented petitioner at trial.

■ Smith claims that his attorney's performance was inadequate for several reasons. He submits that his counsel failed to object to the introduction of evidence gained pursuant to an allegedly unconstitutional search and seizure and pursuant to an unlawful arrest. Petitioner also claims that his attorney "agreed with the trial judge" to dismiss a motion filed to suppress this allegedly illegal evidence. Upon a thorough review of the files and records in this case, this Court is satisfied that petitioner's counsel did not act unreasonably in failing to object to the introduction of this evidence.

The attorney who represented petitioner at his arraignment made a pre-trial motion to suppress all evidence seized on or about the 24th or 25th of October, 1974, on the grounds that the evidence was obtained as a result of petitioner's illegal arrest and subsequent personal search, and as a result of searches of petitioner's premises conducted without appropriate warrants or probable cause. This motion was ordered moot per agreement of counsel on the morning petitioner's trial commenced. As the files reflect, Smith was apprehended upon the issuance of an arrest warrant dated October 24, 1974. His premises were searched pursuant to warrants issued the same day. An arrest warrant may be issued if it appears from an affidavit filed with the complaint that there is probable cause to believe that an offense has been committed and that the defendant has committed it. Fed.R.Crim.P. 4(a). A search warrant may be issued where an affidavit shows probable cause to believe that a crime has been committed and that evidence of the crime could be concealed on particular property. *Zurcher v. Stanford Daily*, 436 U.S. 547, 554, 98 S.Ct. 1970, 1975, 56 L.Ed.2d 525 (1978). The affidavit filed in the instant case shows that the Union Trust Company, South Salisbury Boulevard branch, was robbed on July 22, 1974 and on August 26, 1974. A witness of the August 26th robbery stated that he believed he recognized the bank robber and that it was Allen Blair Smith. The license plate on the truck used as a getaway vehicle reflected that the vehicle was registered to Smith. Moreover, Smith's fingerprints were found on notes used by the robber to perpetrate the crime. Accordingly, probable cause existed to believe that a crime had been committed and that petitioner committed it. His arrest, therefore, was pursuant to a valid warrant and was not unconstitutional.

The search warrants allowed access to four premises. Number 807 Lake Street is a residence owned by petitioner which he was renting to Mr. Elwood Conway at the time of the second bank robbery. On the morning of August 26, 1974, Mr. Conway observed petitioner in his pickup truck in the rear yard at 807 Lake Street. Petitioner put a walkie-talkie in his car. Witnesses to the robbery that day stated that the robber held a walkie-talkie. Moreover, currency used to pay an electric bill for the account of Allen B. Smith, Lake Street, had unusual orange discoloration. Several of the bills given to the bank robber were died orange in order to trace them. Probable cause existed to believe that evidence of the bank robberies might be concealed at 807 Lake Street.

Three other premises were also searched. Number 901 East Road was petitioner's principal residence, and the pickup truck used as the getaway vehicle was registered to that address. Number 323 Penn Street was rented by petitioner, his girlfriend resided there, and Smith was known to frequent the residence. The getaway truck had been observed parked near 323 Penn Street. And finally, the Club Priscilla was owned and operated by petitioner. Probable cause existed to believe that evidence of the bank robberies could be concealed at these premises, as well. The searches were conducted pursuant to lawful warrants. Consequently, the evidence presented at trial was not obtained through unlawful means, and this Court cannot hold that trial counsel acted unreasonably when he acquiesced in the decision to dismiss the motion to suppress as moot, or when he did not object to the evidence at trial.

Petitioner next complains that his attorney agreed to dismiss a motion to suppress evidence of any line-up identifications of Smith. This motion, filed by Smith's second attorney of record, Charles C. Lee, was also ordered moot per agreement of counsel on the morning trial commenced. A transcript of the line-up conducted October 30, 1974, reveals that petitioner's first attorney of record, Donald Richardson, was present, and that he actively protected defendant's rights at the line-up by, for example, requesting that defendant's position in the line be switched between viewings, and questioning the witnesses. Moreover, the transcript reflects no unduly suggestive circumstances which might have tainted the identifications. Attorney Richardson viewed the five other men in line with Smith, and he made no objection to them. Nor did the attorney challenge any questions posed to witnesses during the viewings. Petitioner Smith has provided no facts to support the assertion that the line-up identifications were unlawful, nor do the files reveal any. Accordingly, his trial attorney's acquiescence in the order to dismiss the suppression motion falls squarely within the bounds of reasonable legal assistance.

Smith further asserts that his attorney failed to object to the prosecutor's placing "illegal expert witnesses on the stand." Petitioner states no facts or reasons to support his assertion that the witnesses were illegal. The government called two types of experts: one to testify about the composition of certain building materials, and two to give testimony concerning fingerprint evidence. The prosecution qualified all three witnesses by questioning them about training and experience in their respective fields. Fed.R.Evid. 702. Thus these witnesses were not "illegal," and petitioner's counsel acted reasonably when he refrained from objecting to their testimony.

Petitioner claims that his trial attorney, Nathan Stern, acted incompetently when he did not file "another motion for [a] list of prosecution witnesses." Charles C. Lee, Smith's second attorney, moved for the production of a list of government witnesses on December 16, 1974. This Court denied that motion one month later. It would have been futile for Stern to file the same motion a second time. Stern did not perform unreasonably when he failed to move for a witness list.

Next in the litany of complaints is petitioner's assertion that Stern "work[ed] with the prosecution in order to obtain [Smith's] conviction." Petitioner presents no specific facts to support this claim, and his bald allegation alone cannot overcome the presumption that counsel's conduct falls within the spectrum of reasonable professional assistance. *Strickland, supra,* 466 U.S. at 689, 104 S.Ct. at 2065.

Petitioner also alleges that "counsel agreed with prosecutor to disclose to [movant] evidence favorable to his defense." Smith provides no explanation as to why this agreement evidences ineffective assistance of counsel. Construing petitioner's § 2255 motion broadly, this Court can infer that Smith might be upset because he believes counsel made such an agreement and did not follow through. However, Nathan Stern did conduct open file discovery of the prosecution's case, and thus he would have uncovered any evidence favorable to petitioner's defense. (Affidavit of Nathan Stern).

The final allegations of ineffective assistance are that Stern failed to subpoena a witness on petitioner's behalf, and that counsel had only five days to prepare the case for trial. With respect to the first contention, petitioner has submitted a letter dated August 5, 1978 and sworn to August 10, 1978, in which Karson Leak asserts that he and Smith were fishing at the time the August 26th bank robbery occurred. Thus, he claims, petitioner could not have committed the crime. This Court's notes of the trial indicate that petitioner testified that he went fishing with Mr. Leak on the afternoon of the robbery. Before Smith testified, his attorney, in open court, advised Smith of his rights. Thus petitioner was fully aware that he

could call witnesses on his behalf. Moreover, defendant did call another witness. Counsel did not choose to put Mr. Leak on the stand. This decision, however, lies within the realm of trial tactics and strategy. Parties choose not to call witnesses for any number of reasons, for example, the witness might not appear credible to the jury. This Court does not mean to suggest that counsel did not subpoena Mr. Leak for this particular reason. Rather, the example merely serves as an illustration of choices made concerning trial strategy, which choices this Court cannot pass judgment upon in hindsight. *Strickland, supra,* 466 U.S. at 689, 104 S.Ct. at 2065.

▮ Smith's final contention is that Nathan Stern did not have adequate time to prepare for trial. Implicit in the right to effective assistance of counsel is that an accused and his attorney shall have a reasonable time to investigate, prepare and present a defense. No set length of time is guaranteed, and whether defendant is denied his right must be determined under the circumstances of each case. *Chambers v. Maroney,* 399 U.S. 42, 54, 90 S.Ct. 1975, 1982, 26 L.Ed.2d 419 (1970). The Fourth Circuit has outlined certain duties owed by counsel to a client. Counsel should confer with his client to advise him of his rights and to elicit matters of defense or to ascertain that potential defenses are unavailable. Counsel must conduct appropriate investigations to determine if a defense can be developed, and allow enough time for reflection and preparation for trial. *Coles v. Peyton,* 389 F.2d 224, 226 (4th Cir.1968), *cert. denied,* 393 U.S. 849, 89 S.Ct. 80, 21 L.Ed.2d 120 (1968). *See also United States v. DeCoster,* 487 F.2d 1197, 1203–04 (D.C.Cir.1973).

▮ Petitioner was represented by a succession of attorneys in this case. The files reflect only one *formally* entered appearance by his trial attorney, Nathan Stern, and that was on March 17, 1985, the morning trial commenced. However, Mr. Stern was present as defense counsel at petitioner's arraignment in a related case (Y–75–097) on February 7, 1975, over one month before trial commenced. Although Mr. Stern no longer possesses a record of precisely when he became Smith's attorney, this Court infers from the record of the arraignment that Mr. Stern took over petitioner's case no later than February 7, 1975. He therefore had at least one month to prepare for trial.

Petitioner does not allege that he lacked adequate time to confer with his counsel concerning the facts of the case or any possible defenses, nor does he set forth any specific aspects of the case that his attorney did not have time to prepare. He does not suggest that he asked counsel to postpone the trial in order to prepare the case, nor does the record reflect that Attorney Stern felt the need for additional time, because he made no motion for continuance. Rather, the record shows that counsel investigated the case and presented an adequate defense. First, Stern had the benefit of the work of two attorneys who preceded him, including the preparation of several motions. Stern conducted open file discovery of the prosecution's case. Counsel presented an opening argument, cross-examined witnesses, guided petitioner through his testimony in his own defense, called a second witness on Smith's behalf, and made a closing argument to the jury. In light of these facts, petitioner's contention that he was denied adequate assistance of counsel because his attorney lacked adequate time to prepare for trial is without merit.

▮ In a supplemental motion, Smith claims that government witnesses fabricated their testimony at trial, and that Smith can provide this Court with the individual who actually committed the bank robberies. However, petitioner alleges no specific facts regarding his contention that witnesses perjured themselves, and he has not submitted the name of anyone he believes robbed the bank.

If a § 2255 motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, then the Court may summarily dismiss the motion. 28 U.S.C. § 2255, Rule 4. Upon a thorough

examination of the entire file, this Court concludes that there is no merit to prisoner's assertion that he was denied the effective assistance of counsel. Accordingly, this motion to vacate, set aside, or correct the sentence will be summarily dismissed.